UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

CARLOS RIVERA

               plaintiff

     -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICERS
William Dooley and Alex Perez
each sued INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

            Defendant.

---------------------------------------x

RECEIVED
SDNY PRO SE OFFICE
2016 JAN -7 PM 3:44

AMEND COMPLAIND AND DEMAND FOR A JURY TRIAL

15-CV-9850 (UA)

1. This is an action for compensatory and punitive damages for violation of Plainiffs rights under the Fourth, Fifth and Fourteeth Amendments to the Constitutio9n of the United States by reason of the unlawful acts of Defendants.

## JURISDICTION

2. This action is brought pursant to 42 US C. § 1983 Jurisdiction is founed upon 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 139 (b) in that all claims arose in this district.

## PARTIES

3. Plainitiff is a resusent of New York City, New York County, Staate of New York.

4. At all times hereinafter mentioned, the Defendant "Police Officer William Dooley and Alex perez" was an employee of the New York police Department (HEREINAFTER REFERRED TO AS N.Y.P.D.") acting within the scope and authority of his employment. They are sued individually and in their official capacity as New York City police officers.

5. The Defendant City Of New York, (HEREINAFTER REFERRED TO AS "CITY") was a municipal corporation duly organized and existing under and by virtue of the law of the State Of New York, and as such maintained the New York City Police Department and employede each individual Defendant sued herein.

6. Upon information and belief the City was responsible for the training

of its police officers "WILLIAM DOOLEY AND OFFICER ALEX PEREZ".

7. That at all times herein the City was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents and employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, know or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of Civil Rights, assauit, false arrest and malicious prosecution of the Plaintiff.

## FACTS

9. On these facts, Mr. Rivera was stopped by police officer WILLIAM DOOLEY SHIELD# 12614 of the 25th Precict, interrogated, searched, and arrested without justification. Defendant did not consent to a search. And "UNLAWFUL STOP AND FRISE TACTIES".

10. On August 8th I was walking on 121 Steet between Lexington & 3rd avenue. when I approach by undercover officers with their "Guns draw". I mediaely froze and put my hands up and asked them what the problem was. The undercover cop then told me to "SHUT THE FUCK UP" and threw me against the wall.

11. At that time, he put my hands behind my back and handcuffed me extremely hard. And causing bruising and swelling to my wrists.

12. I told him that the handcuffs were to tight and he responded by punching me in my side. Then began to search me and my duffel bag and found my "prescibed" MEDICTION, WHICH WAQS Ambien.

13. Hhen I asked why I was being arrested, I WAS TOLD, NOT TO WORRY ABOUT IT, you will find out when we get to the 25th precienct.

14. I explained to him that the pills are mine. While I was at the police department, I explained to him that he could verify my "RX" by calling the number which also have my name and adderss on the bottle. I than heard his "SERGEANT SAY FUCK HIM" run him through the system, get the over time.

15. When I asked why they were doing this to me, they said, "YOU WILL GET OUT TOMORROW SOME TIME". That it was a bullshit case and you will get time served. BUT THE MISDEMEAROR CHARGES WERE DROPPED ON December 7th 2015. see (1)

16. Plaintiff suffered extreme and protracted pain and mental anguish as a result of Defendants' conduct.

17. As a result of this false arrest, incarceration, assault and violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

18. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19. Defendants City and N.Y.P.D. knew or should have known that prior to the above-referenced date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officer was occurring, but failed to take appropriate steps to eliminate such unlawful acts.

20. Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City investigated the unlawful acts of Defendant officer or properly investigated reports of their alleged misconduct.

## FOR A FIRST CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

21. Plaintiff reiterates and realleges the facts stated in paragraphs 1-20 as if stated fully herein.

22. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

24. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOR A SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

25. Plaintiff reiterates and realleges the facts stated in paragraphs 1-24 as if stated fully herein.

26. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

30. Defendant City, through NYC Police Commissioner Bratton as a municipal policymaker, in the hiring, training and supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, violating Plaintiff's right to be free from the use of excessive force and from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant City, Defendant officers committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant Officers, and the City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant Officers, and the City of New York, for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York

1-1-16

RESPECTFULLY,

Carlos Rivera

Carlos Rivera #310-15-00720
A.M.K.C. 18-18 Hazen street
East Elmhurst, 11370

Fax: Aug 8 2015 09:37pm P001/001

Page 1 of 1

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Carlos Rivera (M 50),

Defendant.

MISDEMEANOR

Police Officer William Dooley, Shield 12614 of the 25th Precinct, states as follows:

*The defendant is charged with:*

PL 220.03      Criminal Possession of a Controlled Substance in the Seventh Degree
(defendant #1: 1 count)

On or about August 8, 2015 at about 2:25 P.M. at the north east corner of Lexington Avenue & East 121 Street in the County and State of New York, the defendant knowingly and unlawfully possessed a controlled substance.

*The factual basis for this charge is as follows:*

I am informed by Police Officer Alex Perez, Shield 2964 of the 25th Pct, that informant observed defendant holding half of an orange pill in his hand, slip the half-pill into a prescription bottle, and then put the prescription bottle into his pocket. I am further informed that Officer Perez recovered the prescription bottle from the defendant's front right pants pocket, and that the bottle contained ambien pills and a half-pill of suboxone.

I am informed by Officer Perez that he believes the substance is what it is alleged to be based upon: his professional training as a police officer in the identification of drugs, his prior experience as a police officer making drug arrests, and the number on the half-pill, which is 54, which he knows through his training and experience to be buprenorphine hydrochloride, a/k/a suboxone because the whole pill has the number 54/411.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____     8/8/15     2235
Police Officer William Dooley      Date     Time

2728679

Carlos Rivera 310-15-00720
A.M.K.C - C - 95
18-18 Hazen St
East Elmhurst N.Y. 11370

Pro SE CLERK
Chief Judge, Lo
United States
Southern District
U.S. Court Houes
500 Pearl Stre
N.Y, NY 1007-

USM
SDNY